FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 JUN 17 AM 9:20

U.S. DISTRICT COURT
N.D. OF ALABAMA

CORROSION-TECHNOLOGY, INC.,  }
            }
   Plaintiff   }
            }   CIVIL ACTION NO. cho
vs.          }
            }   97-AR-1296-E
R. N. PYLE CONTRACTORS, INC., }
ET AL.,        }
            }   **ENTERED**
   Defendants  }
            JUN 17 1997

## MEMORANDUM OPINION

On May 17, 1997, defendant, Kimberly-Clark Corporation ("Kimberly-Clark"), removed the above-entitled case to this court from the Circuit Court of Talladega County, Alabama. Recognizing that the removal would not be efficacious without the joinder or consent of the other defendant, R. N. Pyle Contractors, Inc. ("RNP"), that is, unless RNP is realigned as a plaintiff, thus creating diversity of citizenship, Kimberly-Clark simultaneously moved for such a realignment.

RNP opposes the realignment and moves for a remand. It appears both that plaintiff, Corrosion-Technology, Inc. ("Corrosion"), has a viable claim against RNP within the allegations of the original complaint, making realignment inappropriate, and that RNP prefers to stay with its answer and cross-claim in the state court. *See Crowe v. Coleman*, ___ F.3d ___ (Slip op. No. 96-8116, 11th Cir. May 21, 1997), which holds that if there is any possibility that state court would find that a complaint states a cause of action against any resident defendant,

the federal court must find that joinder of the same citizenship defendant was proper and must remand the case for lack of diversity.

The mere fact that RNP has a pending separate action against Kimberly-Clark in the state court similar to, if not exactly like, its cross-claim in the instant case does not prevent Corrosion from complaining against RNP as a proper party defendant under the principles contained in 28 U.S.C. § 1441(b). In its second affirmative defense filed in the state court, RNP denies that it owes Corrosion anything because its obligation is conditional. This assertion may prove not to be a good defense against Corrosion, but this court is not prepared to make a dispositive ruling on the issue at this stage, especially when its first obligation is to examine its own jurisdiction under rules of strict construction. As a practical matter, this case, which will be remanded, may well be consolidated with the pending state case brought by RNP against Kimberly-Clark, thus saving a great deal of duplicative judicial effort.

An appropriate, separate order will be entered.

DONE this 17th day of June, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE